IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,708






AURELIO FLORES, Appellant



v.



THE STATE OF TEXAS





ON APPEAL FROM


BEXAR COUNTY







 Meyers, J., delivered the opinion for a unanimous Court.




O P I N I O N 




 Appellant was convicted of capital murder and sentenced to life in prison. The
conviction was affirmed on appeal. Flores v. State, 920 S.W.2d 347 (Tex. App.-San
Antonio 1996), pet. dism'd, 940 S.W.2d 660 (Tex. Crim. App. 1996). Appellant filed a
motion for forensic DNA testing under article 64.03 of the Texas Code of Criminal
Procedure, which was denied by the trial court. Under article 64.05, appellant filed notice
of appeal in the trial court on April 2, 2003, and the Clerk of the trial court forwarded the
notice to the Fourth District Court of Appeals. However, the notice of appeal indicated that
the appeal was to this Court rather than to the Fourth District Court of Appeals, so appellant
filed a motion to dismiss and asked that his notice of appeal be forwarded to the Clerk of
this Court. On June 25, 2003, that motion was granted by the Fourth District Court of
Appeals and the appeal was dismissed and forwarded to the Clerk of this Court. 

 Former article 64.05 stated that: "An appeal of a finding under Article 64.03 or
64.04 is to a court of appeals, except that if the convicted person was convicted in a capital
case, the appeal of the finding is a direct appeal to the court of criminal appeals." (1)

We recently held that the term "capital case" in former Article 64.05 means a case in which
a convicted person was sentenced to death. See Sisk v. State, No. 74,699, slip op. at 9
(Tex. Crim. App., delivered April 7, 2004). Thus, an appeal from the denial of DNA testing
in a case in which the defendant was sentenced to life imprisonment is properly filed in the
court of appeals rather than this Court. In light of this holding, because appellant received a
life sentence for his conviction rather than the death penalty, his appeal was properly filed
in the court of appeals. We order that this appeal be transferred back to the Fourth District
Court of Appeals.

 Meyers, J.

Delivered: April 28, 2004

Do not publish
1. In 2003, the legislature amended article 64.05 to read: "if the convicted person was convicted
in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal
appeals" (emphasis added). Because appellant's motion for forensic DNA testing was filed prior to
September 1, 2003, this case is controlled by the statute as it was prior to the amendment.